**RIKER DANZIG LLP**
Joseph L. Schwartz (JS-5525)
Tod S. Chasin (TC-0122)
Daniel A. Bloom (DB-6392)
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey  07962-1981
Telephone: (973) 538-0800
Facsimile: (973) 538-1984
jschwartz@riker.com
tchasin@riker.com
dabloom@riker.com

*Proposed Special Litigation Counsel to the Debtors*
*and Debtors-in-Possession (Retention Application Forthcoming)*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: <br><br> NATIONAL REALTY INVESTMENT ADVISORS, LLC, *et al.* [1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 22-14539 (JKS) <br><br> (Jointly Administered) |
| In re: <br><br> NATIONAL REALTY INVESTMENT ADVISORS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> REY E. GRABATO, II; THOMAS "NICK" SALZANO; and OLENA BUDINSKA, <br><br> Defendants. | Adv. Pro. No. _____ |

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/NRIA. The location of the Debtors' service address is: 1 Harmon Plaza, Floor 9, Secaucus, New Jersey 07094.

**COMPLAINT**

Plaintiff, National Realty Investment Advisors, LLC ("NRIA" or the "Plaintiff"), one of the Debtors herein (together with its debtor affiliates, the "Debtors"), by and through its undersigned proposed special litigation counsel, by way of complaint (the "Complaint") against defendants (i) Rey E. Grabato, II, (ii) Thomas "Nick" Salzano, and (iii) Olena Budinska ((i) through (iii) collectively, the "Defendants"), avers as follows:

**INTRODUCTION**[2]

1.  Through this Complaint, NRIA seeks to avoid and recover the sum of $420,000 (the "NRIA Funds"), which funds were fraudulently transferred from the Debtors by NRIA's sole member and former President and Chief Executive Officer, Rey E. Grabato, II ("Grabato"), to himself and subsequently transferred by Grabato to the other Defendants in June and July 2021.

2.  The transfer of the NRIA Funds to the Defendants was recently discovered by Brian J. Casey, the Debtors' Independent Manager (the "Independent Manager"), as part of his continuing effort to preserve the Debtors' assets and safeguard investors' funds.

3.  The Independent Manager is still in the process of conducting an investigation against the Defendants and reserves the right to amend this Complaint as additional facts and information come to light.

**JURISDICTION**

4.  This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (C), (H) and (O) and Federal Rules of Bankruptcy Procedure 7001 et seq., and the Plaintiff consents to the entry of final orders or judgments by this Court.

---

[2] The allegations in this Complaint are based upon the documents and information available to Plaintiff at the time of its filing, and are subject to clarification, amendment, revision, or other modification in light of new documents and information, obtained through subsequent discovery in this action or the chapter 11 cases, or otherwise. No statement in this Complaint is intended to waive or impair any right of the Plaintiff or the Debtors' estates with respect to any of the Defendants or any third parties, and shall not have any estoppel effect with respect to any subsequent action brought against the Defendants or third parties. All rights of the Plaintiff and the Debtors' estates with respect to the Defendants and third parties are expressly reserved.

5. Venue of this action is proper in the Bankruptcy Court for the District of New Jersey pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The statutory and legal predicates for the relief requested herein are sections 544, 548, and 550 of the Bankruptcy Code, Bankruptcy Rules 6009 and 7001 et seq., and D.N.J. LBR 7003-1.

## PARTIES

7. The Plaintiff, National Realty Investment Advisors, LLC, is a Delaware Limited Liability Company with its principal place of business at 1 Harmon Plaza, Secaucus, NJ 07094.

8. On June 7, 2022 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of New Jersey.

9. Upon information and belief, Defendant Grabato is an individual residing in Hoboken, New Jersey. Grabato is the sole member of NRIA and was, until mid-2022, NRIA's President and Chief Executive officer.

10. Upon information and belief, Defendant Thomas "Nick" Salzano ("Salzano") is an individual residing in Secaucus, New Jersey. He was a portfolio manager and advisor to NRIA until his termination in or about 2021.

11. Upon information and belief, Defendant Olena Budinska ("Budinska") is an individual residing in Secaucus, New Jersey. Budinska is the wife of Defendant Salzano.

## FACTS

12. As part of his continuing efforts to safeguard the Debtors' assets and investors' money, the Independent Manager tasked Thomas Fierro, the Debtors' Chief Financial Officer (the "CFO"), with inspecting the office formerly occupied by Grabato. The purpose of the inspection was to ensure that corporate documents, some of which are required to prepare financial statements, are secured and safeguarded.

13. To that end, the CFO recently identified corporate documents in Grabato's office that were not previously known to the CFO and the Independent Manager. The existence of these

documents was immediately brought to the attention of the Independent Manager, who quickly determined that the documents were evidence that Grabato illegally and improperly transferred certain NRIA funds to himself and then transferred the same funds to the other Defendants.

14. Historically, the Debtors, including NRIA and NRIA Partners Portfolio Fund I LLC (the "Fund"), held and managed substantially all the Debtors' cash in a comingled bank account titled in NRIA's name, the source of which was primarily Fund investor capital. Further, prior to the Petition Date, NRIA did not have business operations that generated cash flow independent of the Fund and the operations of its subsidiaries.

15. On or about June 29, 2021, Grabato caused NRIA to transfer to himself the NRIA Funds. This transfer was made by check number 25004 drawn on NRIA's account at TD Bank.

16. On or about July 1, 2021, Grabato caused the NRIA Funds to be transferred to Defendant Salzano by personal check, which was subsequently endorsed to and deposited by Salzano's wife, Defendant Budinska, into her personal account at TD Bank.

17. Attached hereto as Exhibit A is a copy of NRIA check number 25004, written by Defendant Grabato to himself, in the amount of $420,000.

18. Attached hereto as Exhibit B is a copy of Defendant Grabato's personal check payable to Salzano by check number 1085 in the amount of $420,000, written by Defendant Grabato to Defendant Salzano.

19. Attached hereto as Exhibit C is a copy of the deposit slip evidencing that the NRIA Funds were deposited into Defendant Budinska's personal account at TD Bank.

20. The NRIA Funds were transferred to the Defendants with the actual intent to hinder, delay or defraud NRIA and any entities to which the Debtors were or became, on or after the dates that the transfers were made, indebted, including all of the Debtors' creditors.

21. The Defendants provided no consideration to NRIA in exchange for the NRIA Funds.

22. The transfer of the NRIA Funds to Grabato is avoidable as a fraudulent transfer.

23. The subsequent transfer of the NRIA Funds from Grabato to Salzano and/or Budinska is also avoidable as a fraudulent transfer.

## COUNT I
### AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO SECTIONS 548(A)(I)(A) AND 550(A) OF THE BANKRUPTCY CODE
*(Against Rey E. Grabato, II)*

24. The Plaintiff repeats and realleges all prior applicable allegations as if fully set forth herein.

25. The transfer of the NRIA Funds from NRIA to Grabato was made to and/or for the benefit of Grabato.

26. The transfer of the NRIA Funds from NRIA to Grabato was made with the actual intent to hinder, delay, or defraud NRIA and any entities to which the Debtors were or became, on or after the dates that the transfers were made, indebted, including all of the Debtors' creditors..

27. Based upon the foregoing, the Plaintiff is entitled to avoid and recover the NRIA Funds (i.e., $420,000) from Grabato under 11 U.S.C. §§ 548(a) and 550(a), together with an award of pre- and post-judgment interest thereon from the date of demand to the date of payment and the costs of this action.

## COUNT II
### AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO SECTIONS 548(A)(I)(B) AND 550(A) OF THE BANKRUPTCY CODE
*(Against All Defendants)*

28. The Plaintiff repeats and realleges all prior applicable allegations as if fully set forth herein.

29. The transfers alleged herein were made within two (2) years of the Petition Date.

30. The transfers alleged herein constitute transfers of interests of NRIA's property.

31. The Defendants were the initial transferees and/or subsequent transferees of the transferred NRIA Funds and/or were the persons for whose benefit the transfers were made.

32. NRIA received less than a reasonably equivalent value in exchange for the transferred NRIA Funds.

33. On the date of transfers of the NRIA Funds, NRIA (i) was insolvent, or became insolvent as a result of such transfers; (ii) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with NRIA constituted unreasonably small capital; or (iii) intended to incur, or believed that it would incur, debts that would be beyond NRIA's ability to pay as such debts matured.

34. Based upon the foregoing, the Plaintiff is entitled to avoid and recover the NRIA Funds (i.e., $420,000) from Defendants under 11 U.S.C. §§ 548(a)(1)(B) and 550(a), together with an award of pre- and post-judgment interest thereon from the date of demand to the date of payment and the costs of this action.

## COUNT III
## AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO SECTIONS 544(b)(1) AND 550(A) OF THE BANKRUPTCY CODE AND THE NEW JERSEY UNIFORM FRAUDULENT TRANSFER ACT (N.J. Rev. Stat. §§ 25:2-25(b) & 25:2-29(1))
*(Against All Defendants)*

35. The Plaintiff repeats and realleges all prior applicable allegations as if fully set forth herein.

36. The transfers of the NRIA Funds were made within four (4) years of the Petition Date.

37. The transfers of the NRIA Funds constitute transfers of the interests of NRIA's property.

38. The Defendants were the initial transferees and/or subsequent transferees of the transferred Funds and/or were the persons for whose benefit the transfers were made.

39. NRIA received less than reasonably equivalent value in exchange for the transferred NRIA Funds.

40. At the time the NRIA Funds were transferred, NRIA (i) was engaged or was about to engage in a business or a transaction for which its remaining assets were unreasonably small in relation to the business or transaction, or (ii) intended to incur, or believed or reasonably believed that it would incur, debts beyond its ability to pay as they became due.

41. Based upon the foregoing, the Plaintiff is entitled to avoid and recover the NRIA Funds from the Defendants under 11 U.S.C. §§ 544(b) and 550(a), and New Jersey Revised Statutes § 25:2-25(b), together with an award of pre- and post-judgment interest thereon from the date of demand to the date of payment and the costs of this action.

**PRAYER FOR RELIEF**

**WHEREFORE,** the Plaintiff respectfully requests entry of a final judgment against the Defendants as follows:

(a) On Count I, awarding judgment in favor of the Plaintiff and against Grabato (i) avoiding and recovering the transfer of the NRIA Funds, (ii) directing Grabato to return to the Plaintiff's bankruptcy estates the amount of the transferred NRIA Funds (i.e., $420,000) pursuant to 11 U.S.C. §§ 548(a) and 550(a), and (iii) for money damages against Grabato in the amount of the transferred NRIA Funds, together with interest from the date of demand at the maximum legal rate, to the extent allowed by law;

(b) On Count II, awarding judgment in favor of the Plaintiff and against the Defendants Grabato, Salzano and Budinska (i) avoiding and recovering the transfers of the NRIA Funds, (ii) directing the Defendants to return to the Plaintiff's bankruptcy estates the amount of the NRIA transfers (i.e., $420,000) pursuant to 11 U.S.C. §§ 548(a) and 550(a), and (iii) for money damages against the Defendants in the amount of the transferred NRIA Funds, together with interest from the date of demand at the maximum legal rate, to the extent allowed by law;

(c) On Count III, awarding judgment in favor of the Plaintiff and against the Defendants, Grabato, Salzano and Budinska, (i) avoiding and recovering the transfers of the NRIA Funds, (ii) directing the Defendants to return to the Plaintiff's bankruptcy estates the amount of the transferred NRIA Funds (i.e., $420,000) pursuant to 11 U.S.C. §§ 544(b) and 550(a) and New Jersey Revised Statutes § 25:2-25(b), and (iii) for money damages against the Defendants in the amount of the transferred NRIA Funds, together with interest from the date of demand at the maximum legal rate, to the extent allowed by law;

(d) Awarding the Plaintiff attorney's fees to the extent permitted by law;

(e) Awarding the Plaintiff interest and costs of suit; and

(f) Awarding such other and further relief as the Court deems just and proper.

Dated: June 23, 2022

    /s/ Joseph L. Schwartz_____
**RIKER DANZIG LLP**
Joseph L. Schwartz (JS-5525)
Tod S. Chasin (TC-0122)
Daniel A. Bloom (DB-6392)
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey  07962-1981
Telephone: (973) 538-0800
Facsimile: (973) 538-1984
jschwartz@riker.com
tchasin@riker.com
dabloom@riker.com

*Proposed Special Litigation Counsel to the Debtors and Debtors-in-Possession  (Retention Application Forthcoming)*

## EXHIBIT A
### (Check from NRIA to Grabato)



**EXHIBIT B**
**(Check from Grabato to Salzano)**



Front of check

-2-

**EXHIBIT C**
**(Deposit Slip)**

Account:        TD CONVENIENCE CHECKING

Date posted:    Jul 1, 2021

Amount:         $420,000.00

Front of deposit slip

